IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEO RAMIREZ, *et al.*, | * |
| Plaintiffs, | * |
| v. | *    1:17-CV-00553-ELR |
| OCWEN LOAN SERVICING, LLC, | * |
| Defendant. | * |

### ORDER

Presently before the Court is Plaintiffs' Motion for Voluntary Dismissal Without Prejudice [Doc. 33].

On February 14, 2017, Plaintiffs Leo Ramirez and Jessica Ramirez, individually and on behalf of a class of similarly situated persons, filed this action alleging breach of contract against Defendant Ocwen Loan Servicing, LLC. Compl. [Doc. 1]. On May 2, 2017, Plaintiffs filed their First Amended Complaint. Am. Compl. [Doc. 24]. On June 14, 2017, Defendant filed a Motion to Strike Amended Class Allegations [Doc. 26], which the Court granted after Plaintiffs failed to timely file a motion for class certification [Doc. 32]. Subsequently, Plaintiffs filed the present motion asserting that because the Court granted the motion to strike

Plaintiffs' class allegations, the remaining individual claims fail to satisfy the amount in controversy requirement, pursuant to 28 U.S.C. § 1332, and thus, this case is due for dismissal.[1]

The Amended Complaint alleged a state-law breach of contract claim on behalf of Plaintiffs and the putative class. Accordingly, when Plaintiffs filed this action, this Court's subject matter jurisdiction existed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). However, when Plaintiffs failed to timely move for class certification and the class allegations within their Amended Complaint were dismissed only the individual state-law claims remained. In their motion for voluntary dismissal, Plaintiffs assert that the total amount for these individual claims is only $911.57, which is far less than the $75,000 amount in controversy requirement to support diversity jurisdiction, and thus, this Court lacks subject matter jurisdiction.

After careful review, the Court agrees with Plaintiffs that the amount in controversy does not exceed $75,000, the necessary threshold for diversity jurisdiction, based on the only remaining individual claims for breach of contract, and thus, this Court lacks subject matter jurisdiction. <u>Walewski v. Zenimax Media,</u>

---

[1] Notably, Plaintiffs assert in their motion that Defendant would not stipulate to dismissal; however, Defendant did not file a response in opposition to Plaintiffs' motion. [Doc. 33 at 1 n.2]. Because Defendant did not stipulate to the dismissal, Plaintiffs brought their motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Inc., 502 F. App'x 857, 862 (11th Cir. 2012) ("We affirm the dismissal on the grounds that absent certification as a class action, the district court lacks subject matter jurisdiction over [the plaintiff's] individual claim."); Karhu v. Vital Pharm., Inc., No. 13-60768-CIV, 2014 WL 1274119, at *2 (S.D. Fla. Mar. 27, 2014), aff'd 621 F. App'x 945 (11th Cir. 2015) (dismissing state-law based claims after denying class certification for lack of subject matter jurisdiction).

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Voluntary Dismissal Without Prejudice [Doc. 33] and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 12th day of December, 2018.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia